**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joseph C. ORTIZ, Defendant-Appellant.**

No. 85–5044.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 1985.*

Decided Nov. 15, 1985.

Robert C. Bonner, U.S. Atty., Robert L. Brosio, John Doyle, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Joseph F. Walsh, Los Angeles, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, KENNEDY and HUG, Circuit Judges.

PER CURIAM:

Ortiz appeals his conviction on one count of robbery of a savings and loan association, 18 U.S.C. § 2113(a) (1982), urging as error denial of two motions: one for continuance to secure new counsel; the other for mistrial based upon the prosecutor's comments on appellant's post-arrest silence.

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R.    3(f) and Fed.R.App.P. 34(a).

## I.

Appellant's motion for a continuance to substitute new appointed counsel was made on the day set for trial. The district court may in its sound discretion deny such an untimely motion for a continuance to substitute counsel. *United States v. Williams*, 594 F.2d 1258, 1260–61 (9th Cir.1979) (per curiam).

Moreover, the court conducted an adequate inquiry into Ortiz's complaint against his appointed counsel and found it meritless and interposed for delay. *See United States v. Mills*, 597 F.2d 693, 700 (9th Cir. 1979). Although communication between defendant and his counsel may not have been perfect, there was far from "total lack of communication preventing an adequate defense." *Id.* There may have been some delay in providing defendant with discovery material regarding the government's case, but the delay was short and, in view of the simplicity of the single issue, could not have been prejudicial. Counsel had not subpoenaed witnesses, but defendant identified no specific witnesses at the hearing on the motion for continuance. Nothing submitted in support of the motion or in the subsequent trial gives any substance to appellant's assertion that his defense was impaired by counsel's reluctance to go to trial.

## II.

We also sustain the denial of defendant's motion for mistrial based on the prosecutor's comment in closing argument. The prosecutor's comment must be evaluated in context. Defendant had testified to a conversation he allegedly had with police officers of the community of Foothill, California at about the time of the bank robbery. In closing argument, defendant's counsel, in listing various deficiencies in the government's proof, referred to the government's failure to call as witnesses the police officers with whom defendant said he had spoken, stating, "[T]hey didn't come in. They couldn't be found or something to that effect." Taking this comment as a suggestion that the government had failed to produce the police officers as witnesses, the prosecutor in his closing argument remarked, "That is the first time anybody has heard about that story."

It was not unreasonable for the prosecutor to conclude that defense counsel's statement might create the impression in the minds of the jurors that the prosecution had failed to meet its evidentiary burden by failing to produce the testimony of the police officers. The prosecutor merely "righted the scale" by pointing out that prior to the defendant's testimony the prosecution had no knowledge of the defendant's claim that he had spoken with the officers. *See United States v. Young*, — U.S. —, 105 S.Ct. 1038, 1045, 84 L.Ed.2d 1 (1985); *United States v. Bagley*, 765 F.2d 836, 848 (9th Cir.1985), *modified*, 772 F.2d 482 (9th Cir.1985).

Even if the prosecutor was in some degree remiss, the incident would not justify reversal. If the statement was a comment on silence, it was indirect; no inference of guilt was suggested; and the court gave an immediate curative instruction, telling the jurors to disregard the prosecutor's comment, and assuring them that appellant had no obligation to inform the government before trial of his conversation with the police or to produce the officers as witnesses. *Guam v. Ojeda*, 758 F.2d 403, 407 (9th Cir.1985); *see also United States v. Mehrmanesh*, 689 F.2d 822, 835 (9th Cir. 1982).

Moreover, if error occurred it was harmless beyond a reasonable doubt in light of the overwhelming evidence of guilt. *Egger v. United States*, 509 F.2d 745, 747 (9th Cir.1975). Appellant argues the comment on his silence cannot be held harmless in light of *United States v. Branson*, 756 F.2d 752, 754 (9th Cir.1985). In *Branson* the jurors asked the court whether they could base their verdict on the defendant's post-arrest silence and the court answered that they could "base the decision on any evidence they thought relevant." *Id.* This court held that in view of the jurors' specific question and the court's specific reply, "the probability is high that the error mate-

rially affected their verdict." *Id.* (quoting *United States v. Segna*, 555 F.2d 226 (9th Cir.1977)). There are no similar circumstances in the present case suggesting the jury would be unable or unwilling to follow the court's curative admonition to give no weight to the prosecutor's comment.

AFFIRMED.