**STATE of Tennessee, Appellee,**

v.

**Ronald Eugene GILMORE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 24, 1991.

Permission to Appeal Denied by Supreme Court Dec. 2, 1991.

Charles W. Burson, Atty. Gen. and Reporter, John M. Roberts, Asst. Atty. Gen., Victor S. Johnson, III, Dist. Atty. Gen., Floyd Price, Asst. Dist. Atty. Gen., Nashville, for appellee.

John E. Herbison, Nashville (appeal only), William C. Wilson and Joe P. Binkley, Sr., Nashville (trial only), for appellant.

## OPINION

JONES, Judge.

The appellant, Ronald Eugene Gilmore, was convicted of robbery with a deadly weapon, a Class B felony,[1] and assault with intent to commit murder in the first degree, a Class A felony, by a jury of his peers. The trial court, finding that the appellant was a persistent offender, sentenced the appellant to serve a term of thirty (30) years in the Department of Correction for the offense of robbery with a deadly weapon. The trial court also sentenced the appellant to serve a term of thirty (30) years for the offense of assault with the intent to commit murder in the first degree.[2] Since the trial court ordered that the two sentences are to be served consecutively, the effective sentence imposed was sixty (60) years.

The appellant presents four issues for our review. He contends that the trial court committed error of prejudicial dimensions in denying his motion to relieve his retained counsel from further representation and grant a continuance. He further contends that the evidence contained in the record is insufficient, as a matter of law, to support his conviction for assault with the intent to commit murder in the first degree because the State failed to prove the elements of premeditation and deliberation.

---

1. The appellant was sentenced pursuant to the Tennessee Criminal Sentencing Reform Act of 1989 although the offenses were committed prior to the effective date of the Act. *See* Tenn. Code Ann. § 40-35-117(b) (Supp.1989). The classification of offenses committed prior to November 1, 1989, are contained in Tenn.Code Ann. § 40-35-118 (Supp.1989).

2. The trial court enhanced the maximum sentence for this conviction by five years because the appellant used a firearm during the commission of the offense. When the appellant was sentenced, the applicable statute, Tenn.Code Ann. § 39-6-1710, had been repealed. Consequently, the appellant's sentence should not have been enhanced.

It is also contended that the trial court committed error of prejudicial dimensions in permitting certain exhibits to be passed to the jury for observation; and the sentences imposed are excessive.

### RELEASE OF RETAINED COUNSEL AND APPOINTMENT OF SUBSTITUTE COUNSEL

■ The appellant advised his attorneys that he wanted to plead guilty to the two offenses alleged in the indictment. Thereafter counsel negotiated with the State to obtain a reasonable offer of settlement. It appears that an offer was made by the State; and counsel communicated the offer to the appellant. We glean from the record that the appellant wanted to make a counteroffer. The settlement negotiations had not been completed when the cases were set for trial.

The appellant, who had been confined to jail for an extended period of time, told the trial judge that he had "messed with some dope early, before I came over here;" and the appellant requested that the trial judge continue the case for a week so he could have time to consider the offer made by the State. He stated that he would take "the time" when he returned to court the following week.

The trial judge continued the case to the following day. A drug test was ordered. The test was negative for the ingestion of drugs. When the appellant appeared in court the following day, he advised the trial judge that he was not guilty of the count charging him with assault with the intent to commit murder in the first degree; and he opted to go to trial.

Before the trial commenced, the appellant told the trial court that he was not satisfied with the representation afforded him by the two attorneys retained to represent him. He stated that counsel had advised him there was no defense available to him based upon the facts and circumstances surrounding the two offenses. He expressed a desire to discharge counsel. He requested that the trial judge appoint the public defender to represent him; and he wanted the two cases continued so the public defender, as substitute counsel, could prepare for trial.

The appellant described counsel as "two fine lawyers" during the hearing. He also stated that he was "grateful to have them both representing me."

Counsel advised the trial judge that he had discussed the facts with the appellant on ten separate occasions. Counsel told the appellant that he would have to articulate a defense so that counsel could investigate and prepare the defense. Counsel explained to the appellant that he was "not going to manufacture him a defense, or anybody else one."

The trial judge denied the appellant's motion.

■ When an accused seeks to substitute counsel, the accused has the burden[3] of establishing to the satisfaction of the trial judge that (a) the representation being furnished by counsel is ineffective, inadequate, and falls below the range of competency expected of defense counsel in criminal prosecutions,[4] (b) the accused and appointed counsel have become embroiled in an irreconcilable conflict,[5] or (c) there has been a complete breakdown in communica-

3. *McKee v. Harris,* 649 F.2d 927, 931 (2nd Cir. 1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982); *United States v. Davis,* 365 F.2d 251, 254 (6th Cir.1966); *United States v. Burkeen,* 355 F.2d 241, 245 (6th Cir.), *cert. denied, sub nom. Matlock v. United States,* 384 U.S. 957, 86 S.Ct. 1582, 16 L.Ed.2d 553, *reh'g denied,* 385 U.S. 893, 87 S.Ct. 28, 17 L.Ed.2d 127 (1966).

4. *Lofton v. Procunier,* 487 F.2d 434, 436 (9th Cir.1973) [accused may not be forced to trial with incompetent or unprepared counsel].

5. *United States v. Williams,* 594 F.2d 1258, 1259–1260 (9th Cir.1979) [accused entitled to substitution of counsel where the accused and counsel had been at "serious odds" for an extended period of time, and there had been "quarrels, bad language, threats, and counterthreats," and the request was made approximately one month prior to trial]; *Brown v. Craven,* 424 F.2d 1166, 1170 (9th Cir.1970).

tions between them.[6] Whether an accused is entitled to a substitution of counsel is a question which addresses itself to the sound discretion of the trial court.[7]

■ When a request for the substitution of counsel is accompanied by a motion for a continuance, the trial court must consider and weigh the "competing interests of the trial judge's discretionary power to deny continuances and to control the court's calendar and the defendant's Sixth Amendment right to counsel."[8] The trial court may deny a request for substitution made on the eve of trial[9] or the morning of the trial[10] absent a showing of good cause.

The trial judge did not abuse his discretion in denying the appellant's motion for the appointment of substitute counsel. The appellant failed to articulate sufficient facts to establish that his retained counsel were ineffective, inadequate or their representation fell below the range of competency expected of defense counsel in this jurisdiction.[11] When the accused, as here, cannot articulate an affirmative defense, and counsel's investigation does not reveal the existence of such a defense, counsel cannot fabricate facts to establish a defense. Such conduct is prohibited by the Code of Professional Responsibility. Nor did the trial judge abuse his discretion in refusing to continue the case. The appellant clearly failed to establish good cause to justify a continuance.[12]

This issue is without merit.

## SUFFICIENCY OF THE EVIDENCE

■ The appellant contends that the evidence contained in the record is insuffi-cient, as a matter of law, to support his conviction for assault with the intent to commit murder in the first degree. He argues that the State failed to prove premeditation and deliberation, essential elements of the offense.

The appellant does not challenge the sufficiency of the evidence concerning his conviction for robbery with a deadly weapon. He made a judicial confession that he committed this offense.

On the evening of October 13, 1988, the appellant entered a business establishment known as the House of Pizza and Games with a pistol in each hand. He advised an employee of the establishment: "This is a robbery. Give me all your money." He subsequently directed the customers to "[g]et down on the ground." The employee placed over $1,000 in a bag furnished by the appellant.

While the robbery was in progress, Danny Massey, an off-duty police officer, escaped through the back door of the business. He made his way around the building until he could view the interior of the establishment. When the appellant walked to the door to exit the establishment, Massey secreted himself along the side of the building. After the appellant had exited the building and walked towards his vehicle, Massey turned the corner of the building, gun in hand, and said: "Halt, Police." The appellant fired one of his pistols at Massey.

As Massey retreated to the side of the building to avoid being hit, he tripped and fell. The appellant pursued him. When

6. *McKee v. Harris,* 649 F.2d 927, 931 (2nd Cir. 1981), *cert. denied,* 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982).

7. *United States v. White,* 451 F.2d 1225, 1226 (6th Cir.1971).

8. *United States v. La Monte,* 684 F.2d 672, 673 (10th Cir.1982).

9. *United States v. Michelson,* 559 F.2d 567, 572 (9th Cir.1977) [request made day before trial was to begin]; *United States v. Rodriguez–Vallejo,* 496 F.2d 960, 965 (1st Cir.), *cert. denied,* 419 U.S. 965, 95 S.Ct. 226, 42 L.Ed.2d 179 (1974), [request made the day prior to trial].

10. *United States v. Hart,* 557 F.2d 162, 163 (8th Cir.), *cert. denied,* 434 U.S. 906, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977) [request made morning that trial was to begin].

11. *Hudson v. Rushen,* 686 F.2d 826 (9th Cir. 1982), *cert. denied,* 461 U.S. 916, 103 S.Ct. 1896, 77 L.Ed.2d 285 (1983). *See State v. McClennon,* 669 S.W.2d 705, 707 (Tenn.Crim.App.1984).

12. *See United States v. Ortiz,* 776 F.2d 864, 865 (9th Cir.1985), *cert. denied,* 475 U.S. 1097, 106 S.Ct. 1497, 89 L.Ed.2d 898 (1986).

the appellant turned the corner of the building, he told Massey that he was going to kill him. Massey shot the appellant. The appellant retreated, walked along the front of the building, and subsequently collapsed.

As can be seen from the foregoing summary of the facts, there is sufficient evidence contained in the record to support a finding by a rational trier of fact that the appellant was guilty of assault with the intent to commit murder in the first degree beyond a reasonable doubt. Tenn.R.App.P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

This issue is without merit.

## CONSIDERATION OF EXHIBITS

■ The appellant contends that several exhibits introduced for identification were never moved into evidence. However, the jury was permitted to view these exhibits. The State contends that some of the exhibits were actually introduced into evidence; and the failure to introduce the balance of the exhibits into evidence before being viewed by the jury constituted harmless error.

This issue has been waived. First, the appellant concedes that trial counsel did *not interpose a contemporaneous objection* when the jury viewed the exhibits. Tenn.R.App.P. 36(a); *State v. Rhoden*, 739 S.W.2d 6, 14 (Tenn.Crim.App.1987). Second, this issue was not raised in the motion for a new trial. Tenn.R.App.P. 3(e).

We parenthetically note that any error was harmless in the context of this case. Tenn.R.App.P. 36(b); *State v. Adkins*, 725 S.W.2d 660, 665 (Tenn.), *cert. denied*, 482 U.S. 909, 107 S.Ct. 2491, 96 L.Ed.2d 383 (1987).

This issue is without merit.

## EXCESSIVENESS OF SENTENCES

■ The appellant contends that the trial court committed error of prejudicial dimensions in sentencing him to a Range III sentence. He argues that he should have been sentenced to a Range I sentence because the State did not timely file its notice of enhancement. The record reflects that the State's notice was filed on November 6, 1989. The trial commenced on November 14, 1989.

Tenn.Code Ann. § 40–35–202(a) provides in part:

> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, he shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea.... [s]uch statement ... must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions....

The statute does not provide a remedy or sanction when the State fails to timely file a notice of enhancement. The Sentencing Commission Comments, which accompany the statute, refer to Tenn.R.Crim.P. 12.3(a) for the appropriate remedy. This rule provides in part: "Written statements of the district attorney giving notice that the defendant should be sentenced to an enhanced punishment ... shall be filed not less than ten (10) days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant upon his motion a reasonable continuance of the trial." In *State v. Stephenson*, 752 S.W.2d 80 (Tenn.1988), the issue before our Supreme Court was the appropriate remedy to be imposed when Rule 12.3(a) was violated. In ruling the Court stated:

> We are of the opinion that the fact the notice is not ... [filed timely] does not render the notice ineffective in the absence of some showing of prejudice on the part of the accused, particularly where defense counsel does not move for a continuance or postponement of the trial as he is clearly authorized to do under Rule 12.3(a). In the absence of a motion for continuance, in our opinion, any objection to the delayed notice by the State ordinarily should be deemed to have been waived. This result is especially true in the present case where the matter was not even raised in the trial

court, at the sentencing hearing or on the motion for new trial. 752 S.W.2d at 81. The Court reaffirmed this holding in *State v. Adams,* 788 S.W.2d 557, 559 (Tenn.1990).

The appellant attempts to distinguish *Stephenson.* He makes much to do about the differences in the provisions contained in the Tennessee Criminal Sentencing Reform Act of 1982 and 1989. He contends that the 1989 version of Tenn.Code Ann. § 40–35–202(a) requires the trial court to sentence the defendant as a standard offender if the State fails to file its notice timely.

■ A comparison of Tenn.Code Ann. § 40–35–202(a) (Supp.1982), Tenn.Code Ann. § 40–35–202(a) (Supp.1989), and Tenn. R.Crim.P. 12.3(a) reveals that the 1989 version simply incorporates the specific time requirements for the filing of the notice contained in the rule. Contrary to the appellant's contention, this change does not render a notice of enhancement, which is not timely filed, ineffective. The only remedy available to an accused is a reasonable continuance. Tenn.R.Crim.P. 12.3(a). *See* Sentencing Commission Comments accompanying Tenn.Code Ann. § 40–35–202(a) (Supp.1989). In short, the rule fashioned by the Supreme Court in *Stephenson* is equally applicable to the 1989 version of Tenn.Code Ann. § 40–35–202(a).

In summary, this issue was waived when the appellant failed to bring the tardiness of the notice to the attention of the trial court prior to trial and move the court for a reasonable continuance. *State v. Stephenson,* 752 S.W.2d at 81. Moreover, the appellant has failed to demonstrate how he was prejudiced by the late filing of the notice. *See State v. Stephenson,* 752 S.W.2d at 81. The fact that the appellant was sentenced within the proper range, based upon his prior convictions, does not establish prejudice.

This issue is without merit.

The sentence for the offense of assault with the intent to commit murder in the first degree is reduced to twenty-five years.

The judgment of the trial court, as modified, is affirmed.

SCOTT and TIPTON, JJ., concur.