12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso MENDOZA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
German SILVA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergio MENDOZA, Defendant-Appellant.
 Nos. 92-30124, 92-30134 and 92-30142.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1993.
Decided Dec. 6, 1993.
 
 Before: CANBY, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alfonso Mendoza, Sergio Mendoza and German Silva appeal their jury convictions and sentences. We AFFIRM appellants' drug convictions and sentences under the Sentencing Guidelines in this memorandum disposition, and REVERSE the firearms convictions in a separate published opinion.
 
 
 3
 * EVIDENTIARY ISSUES
 
 1. Relevance of Agent Rodriguez's Testimony
 
 4
 Agent Rodriguez's testimony was intended to prove that the cocaine exhibits were the same packages he had seen at the time of the arrest. The fact that the packages contained cocaine is "of consequence to the determination of the action," see Fed.R.Evid. 401, because possession of cocaine is an essential element in the charged offense. See 21 U.S.C. Sec. 841(a)(1). The district court did not abuse its discretion in ruling the testimony was relevant for identification purposes.
 
 
 5
 2. Admissibility of Agent Rodriguez's Expert Testimony
 
 
 6
 Agent Ramirez's expert testimony concerning an ultimate issue was unrelated to the appellants' mental states and, therefore, admissible under Rule 704(a). Fed.R.Evid. 704(a); see generally United States v. Bosch, 914 F.2d 1239, 1243 (9th Cir.1990).
 
 3. Officer Moon's Testimony
 A. Admissibility Under Fed.R.Evid. 705
 
 7
 Contrary to the appellants' contention, Fed.R.Evid. 705 does not require prior disclosure of underlying facts. Moreover, information about Officer Moon's training and experience was available for use during cross-examination, though the appellants did not opt to question him about such matters. The district court did not abuse its discretion under Fed.R.Evid. 705.
 
 B. Brady Violation
 
 8
 Appellants do not argue that the results of the proceedings would have been different (i.e., that they would have been found not guilty) had information regarding Officer Moon's background and experience been disclosed to them. Nor is there any indication that such information was exculpatory. Therefore, there was no due process violation under Brady. See United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir.1988) (due process violated where undisclosed evidence is material to either guilt or innocence).
 
 4. Coconspirator's Out-of-Court Statement
 
 9
 Jose Mendoza's statement was made to reassure Agent Rodriguez (the buyer) that he had nothing to fear from the persons in the Volkswagen, and to prevent Agent Rodriguez from leaving before the sale was completed. Thus, the statement was made "in furtherance" of the conspiracy within the meaning of Rule 801(d)(2)(E). See United States v. Layton, 720 F.2d 548, 557 (9th Cir.1983) (citing United States v. Mason, 658 F.2d 1263, 1270 (9th Cir.1981) (holding statements of reassurance are in furtherance of a conspiracy)), cert. denied, 465 U.S. 1069 (1984).
 
 II
 JURY INSTRUCTION ISSUES
 5. Mere Association Instruction
 
 10
 "[A] defendant is not entitled to any particular form of an instruction so long as the instructions given fairly and adequately cover his theories of defense." United States v. Faust, 850 F.2d 575, 583 (9th Cir.1988). The instructions, read as a whole, informed the jurors that conviction of Alfonso and Sergio Mendoza could not be based on their familial association with Jose Mendoza. See United States v. Kessi, 868 F.2d 1097, 1104 (9th Cir.1989) (instructions are considered as a whole to determine if they are inadequate). Therefore, the district court did not abuse its discretion in declining to give a "mere association" instruction.
 
 6. Predisposition Instruction
 
 11
 The district court's entrapment instruction sufficiently informed the jury that the Government bore the burden of proof that the Defendants were predisposed to commit the crime. See United States v. Abushi, 682 F.2d 1289, 1301 (9th Cir.1982) (finding similar instructions sufficiently placed the burden on the government); see also Notaro v. United States, 363 F.2d 169 (9th Cir.1966).
 
 
 12
 7. Initiation of Calls Under 21 U.S.C. Sec. 843(b)
 
 
 13
 Under 21 U.S.C. Sec. 843(b), it is unlawful for a person "knowingly or intentionally to use any communication facility" in the commission of a drug trafficking felony. The jury was instructed that it must find that Silva's use of the phone was knowing and intentional under the facts of the case. Therefore, the only issue is whether receipt of a telephone call constituted a "use" of the telephonic facility under Sec. 843(b).
 
 
 14
 "[T]he act of making arrangements on a telephone, regardless of who initiates the call, constitutes the proscribed 'use....' " United States v. Rodriguez-Ramirez, 777 F.2d 454, 457 (9th Cir.1985). Therefore, the district court's instruction was a correct statement of the law, and no element of the offense was removed from the jury's consideration.
 
 
 15
 Silva cites, and we have found, no Ninth Circuit case which supports his theory that the Government must prove beyond a reasonable doubt that he was a willing participant in the communication. United States v. Rodriguez, upon which Silva relies, does not create a separate "willing participant" requirement; it merely holds that evidence which showed that the defendant was a willing participant in phone calls satisfied the "knowing and intelligent" element of Sec. 843(b). 546 F.2d 302, 307 (9th Cir.1976).
 
 8. Foreseeable Consequence Instruction
 
 16
 A defendant is entitled to have the judge instruct the jury on his theory of defense if it is supported by law and has some foundation in the evidence. United States v. Gomez-Orsorio, 957 F.2d 636, 642 (9th Cir.1992). A coconspirator's offense must reasonably have been foreseen as a necessary or natural consequence of the conspiracy. United States v. Thomas, 887 F.2d 1341, 1345 (9th Cir.1989).
 
 
 17
 The firearm violation under section 924(c) may be imputed to other members of the conspiracy under Pinkerton v. United States, 328 U.S. 640 (1946), but only if, among other things, the "offense could reasonably have been foreseen as a necessary or natural consequence of the unlawful agreement." United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir.1986). The issue of foreseeability is properly submitted to the jury. See id. While we have held that evidence that the defendant was engaged in a drug conspiracy is sufficient to sustain a conviction on a Pinkerton theory, e.g., United States v. Johnson, 886 F.2d 1120, 1123 (9th Cir.1989), cert. denied, 494 U.S. 1089 (1990), we have not foreclosed the jury from considering the foreseeability issue. In the event of retrial on the firearms charges, therefore, the district court should instruct the jury on the requirement of foreseeability.
 
 III
 PROSECUTORIAL MISCONDUCT
 
 18
 9. Government's Comments Regarding the Indictment
 
 
 19
 Without reaching the question of whether the Prosecutor's remarks about the indictment during rebuttal closing were improper, we find any arguable error was neutralized by the trial judge's immediate curative instruction to the jury. See United States v. Foster, 711 F.2d 871, 883 (9th Cir.1983), cert. denied, 465 U.S. 1103 (1984); United States v. Ortiz, 776 F.2d 864, 865 (9th Cir.1985) (prosecutor's improper comment at closing did not justify reversal in part because of the court's immediate curative instruction), cert. denied, 475 U.S. 1097 (1986).
 
 IV
 SENTENCING GUIDELINES ISSUE
 10. The $1,000 Fine
 
 20
 The Guidelines require the district court to impose a fine unless the defendant establishes an inability to pay. United States v. Rafferty, 911 F.2d 227, 232 (9th Cir.1990); U.S.S.G. Sec. 5E1.2(a). "[T]he defendant has the burden of proof to demonstrate that he cannot pay the fine imposed by the court." United States v. Quan-Guerra, 929 F.2d 1425, 1427 (9th Cir.1991).
 
 
 21
 Sergio Mendoza presented no evidence to the district court, and presents only conclusory assertions to this court, that he cannot pay the fine. The district court's decision, on the other hand, is supported by the Presentence Report. Thus, Sergio fails to meet his evidentiary burden of proof. See id.
 
 
 22
 AFFIRMED in part, REVERSED in part and REMANDED for new trial or other appropriate disposition of the firearms charge.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3