# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 15, 2000 Session

## STATE OF TENNESSEE v. SHANNON HAGEWOOD

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR-4705A & CR-4705B    Allen W. Wallace, Judge**

---

**No. M2000-00972-CCA-R3-CD - Filed February 16, 2001**

---

On November 16, 1999, Shannon Hagewood, the defendant and appellant, pled guilty to three counts of aggravated burglary in a Dickson County Criminal Court. Following a sentencing hearing, the trial court sentenced the defendant as a multiple, Range II offender to six years for the first count, six years for the second count, and eight years for the third count. The court also ordered the defendant to serve the eight-year sentence consecutively to the two six-year sentences, which were to be served concurrently to each other. On appeal, the defendant claims (1) that he did not receive notice, as required by statute, that he would be sentenced as a multiple offender, (2) that the trial court's imposition of an eight-year sentence was erroneous; and (3) that the trial court's imposition of consecutive sentences was erroneous. After a thorough review of the record, we find that, although the trial court did not place its findings in the record, this court's de novo review supports the sentence imposed. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JERRY SMITH, J., delivered the opinion of the court, in which JOE G. RILEY, J., and L. TERRY LAFFERTY, Sr. J., joined.

John B. Nisbet, III, Cookeville, Tennessee, William B. Lockert, III, Ashland City, Tennessee, and Chris Young, Assistant Public Defender, for the Appellant, Shannon Hagewood.

Paul G. Summers, Attorney General and Reporter, David H. Finley, Assistant Attorney General, Dan Alsobrooks, District Attorney General and Suzanne Lockert, Assistant District Attorney, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The defendant and a codefendant pled guilty to three counts of aggravated burglary arising from the burglary of three homes. The defendant assisted authorities in trying to locate the property,

and he even wore a wire and visited the person to whom he had sold the goods. However, most of the property was never recovered. At a sentencing hearing, the proof showed that one victim lost approximately $1350.00, and another lost approximately $7480.00. The record does not reflect how much property the third victim lost. The presentence report indicated that the defendant had previously been convicted of auto burglary, aggravated burglary, and several lesser crimes. The defendant testified that the burglaries in the instant case were a result of his cocaine habit. He admitted that, by committing the burglaries in this case, he had violated probation for a previous burglary charge. The defendant's wife testified that the defendant did not have a drug habit when they got married, and that the defendant had only worked sporadically since 1997. Finally, the defendant's grandmother testified about the defendant's family life, including the defendant's four children.

The state moved the court to consider the following aggravating factors in imposing sentence: (1) that the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); (2) that the offense involved more than one victim, Id. § 40-35-114(3); (3) that the personal injuries inflicted upon or the amount of damage to property sustained by or taken from the victim was particularly great; Id. § 40-35-114(6); (4) that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; Id. § 40-35-114(8); and (5) that the felony was committed while on probation. Id. § 40-35-114(13)(C). The defendant conceded that the last two enhancement factors applied. However, the defendant also requested that the court consider the following mitigating factors: (1) that the defendant's criminal conduct neither caused nor threatened serious bodily injury, Id. § 40-35-113(1); (2) that the defendant assisted the authorities in uncovering offenses committed by other persons or in detecting or apprehending other persons who had committed the offenses, Id. § 40-35-113(9); and (3) that the defendant assisted the authorities in locating or recovering any property or person involved in the crime. Id. § 40-35-113(10).

Following the hearing, the court held as follows:

I have considered all the enhancement factors that have been filed and the mitigating factors that have been filed. I have considered the sentencing ranges under 40-35-112. I have considered the mitigating factors under 40-35-113. I have considered all the enhancement factors under 40-35-114.

What appears to me in this case is both of these men – let me talk about them one at a time. Mr. Hagewood, a twenty-four year old, has had quite a criminal background. He has had theft-type charges before, including burglary of an automobile and aggravated burglary. His criminal record starts back when he was twenty-two years old. It bumps him up into a Range II.

I feel in this case from watching both [the defendants] testify here today that Mr. Hagewood was more of a leader in this bunch than [his codefendant]. . . .

Society has got to be protected from people like this. These homeowners back here, they got to be protected. I get emotional talking about stealing from somebody that worked for it.

-2-

So in Mr. Hagewood's case, count I, I'm going to sentence him to six years in the Department of Corrections. That will be consecutive to [a previous sentence for unrelated charges].

In count III, I'm going to sentence him to six years in the Department of Corrections. That will be concurrent with count I.

Count V, I'm going to sentence him to eight years in the department of corrections because a whole lot more property was involved and I'm going to run that consecutive.

I've run a six-year sentence concurrent because he did help them out in finding some of it.

. . .

That gives him fourteen years consecutive to [his previous sentence for unrelated charges].

## Range of Punishment

First, the defendant complains that the state failed to give adequate notice that it intended to seek enhanced punishment by sentencing him as a Range II, multiple offender. Tennessee Code Annotated section 40-35-202(a) provides, in relevant part,

> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea.

Tenn. Code Ann. § 40-35-202(a). In this case, the record contains a "Notice to Seek Enhanced Punishment" and an "Amended Notice to Seek Enhanced Punishment." Although both of these refer to section 40-35-202, neither contains any statement notifying the defendant that he may be subject to sentencing as a multiple offender. The only evidence in the record that establishes that the defendant is a Range II offender is found in the following colloquy at the sentencing hearing:

> MR. YOUNG (Hagewood's attorney): . . . You do have some discretion there in running the sentences over here concurrently and I'd ask you to do that. The range of punishment starting at six years and working your way up. The way I read the statute is you consider enhancement factors and give them their relative weight as you see fit and you go up the scale within the--
>
> THE COURT: Is [the defendant] a Range II?

MR. YOUNG: Yes, sir.

Although section 40-35-202 does not provide a remedy for a violation of the rule, we have previously recognized that "[t]he only remedy available to an accused is a reasonable continuance." State v. Gilmore, 823 S.W.2d 566, 571 (Tenn. Crim. App. 1991); see also Tenn. R. Crim. P. 12.3(a). Indeed, the Tennessee Supreme Court has held that "[i]n the absence of a motion for continuance, in our opinion, any objection to the delayed notice by the State ordinarily should be deemed to have been waived." State v. Stephenson, 752 S.W.2d 80, 81 (Tenn. 1988). In this case, not only did the defendant fail to move for a continuance, he actually suggested the appropriate range to the court. We are not inclined to grant relief "to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. 36(a).

Furthermore, the defendant has not shown how the state's failure to provide notice prejudiced him. Indeed, the record indicates that the defendant should have been sentenced as a Range II offender. Tennessee Code Annotated section 40-35-106 provides that a defendant may be considered a multiple offender if he has previously received at least two prior convictions within the same, a higher or the next two lower felony classes. Tenn. Code Ann. § 40-35-106. In this case, the defendant pled guilty to three counts of aggravated burglary, all Class C felonies, and the record reflects that, at the time of sentencing, he had been convicted of aggravated burglary, a Class C felony and auto burglary, a Class D felony. "The fact that the appellant was sentenced within the proper range, based upon his prior convictions, does not establish prejudice." Gilmore, 823 S.W.2d at 571.

This issue is without merit

**Length of Sentence**

Next, the appellant challenges the length of his sentence. When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to demonstrate such consideration, review of the sentence is purely de novo. Id. In this case, the trial judge did not clearly state which, if any, enhancement and/or mitigating factors applied before imposing the sentence. The trial court also failed to base its imposition of consecutive sentences on adequate grounds. Given the state of this record, we are compelled to find that the trial court's sentencing decision is not entitled to the presumption that it is correct. See Tenn. Code Ann. § 40-35-210(f). Our review will therefore be de novo upon the record. State v. Grissom, 956 S.W.2d 514, 518 (Tenn. Crim. App.1997).

In conducting our review, this court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210(b); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim.

App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

Although the defendant does not challenge the imposition of the two six-year sentences, he challenges the eight-year sentence as being excessive. The sentencing range for a multiple, Range II offender convicted of a Class C felony is between six and ten years. Tenn. Code Ann. § 40-35-112(b)(3). Under the 1989 Sentencing Act, the presumptive sentence for a Class C felony is the minimum within the applicable range if no mitigating or enhancement factors for sentencing are present. Tenn. Code Ann. § 40-35-210(c). However, if such factors do exist, the court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute. State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); see Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments.

In our de novo review, we find that several enhancement factors apply. First, we find that the defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1); as the trial court noted, the presentence report establishes numerous prior convictions of the defendant. Furthermore, we agree with the trial court that the amount of property taken from the victim was particularly great. Id. § 40-35-114(6); the evidence at the sentencing hearing established that the defendant stole property worth over seven-thousand dollars from the victim, and that property was not recovered. See State v. Tommy Franklyn Spain, Jr., No. 01-C-01-9601-CC00003, 1997 WL 34434 at *4 (Tenn. Crim. App. at Nashville, Jan. 30, 1997). We also find that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114(8); the defendant admitted at the sentencing hearing that he had been unable to comply with the conditions of probation several times in the past. Finally, it is undisputed that the defendant committed the instant offenses while he was on probation. Id. § 40-35-114(13)(C). Applying these four enhancement factors to the defendant's sentence, we think that the maximum sentence within the range would be appropriate.

Next, however, we must reduce the sentence based on any applicable mitigating factors. Prior to the sentencing hearing, the defendant submitted three statutory mitigating factors for the court's consideration: that the defendant's criminal conduct neither caused nor threatened serious bodily injury, Tenn. Code Ann. § 40-35-113(1); that the defendant assisted the authorities in uncovering offenses committed by other persons or in detecting or apprehending other persons who had committed the offenses, Id. § 40-35-113(9); and that the defendant assisted the authorities in locating or recovering any property or person involved in the crime. Id. § 40-35-113(10). We agree with the defendant that the above mitigators apply. There is no assertion that any of the victims was ever threatened with or suffered bodily injury. Furthermore, the testimony at the sentencing hearing established that the defendant assisted the authorities in recovering the goods and in apprehending the person to whom the stolen goods were sold. Having reduced the defendant's sentence based on the above mitigating factors, we find that the trial court's sentence of eight years was appropriate.

This issue is without merit.

**Consecutive Sentences**

Finally, the defendant challenges the trial court's imposition of consecutive sentences. The trial court ordered the eight-year sentence to be served consecutively to the two six-year sentences, which were to be served concurrently to each other. Tennessee Code Annotated section 40-35-115 provides that "[t]he court may order sentences to run consecutively if the court finds by a preponderance of the evidence that: . . . (6) [t]he defendant is sentenced for an offense committed while on probation. Tenn. Code Ann. § 40-35-115(b)(6). Although the court did not state its reasons for imposing consecutive sentences, it is undisputed that the defendant committed the instant offenses while on probation. Accordingly, we find the imposition of consecutive sentences appropriate.[1] This issue is without merit.

The judgment of the trial court is AFFIRMED.

_____
JERRY SMITH, JUDGE

---

[1] The defendant also argues that the court erred in failing to consider whether the sentence (1) was reasonably related to the severity of the acts; or (2) served to protect the public from further harm. State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). The necessity of those findings, however, is limited to cases involving consecutive sentencing of "dangerous offenders." State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999).