IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 15, 2000 Session

## STEVEN EDWARD LEACH v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Criminal Court for Smith County**
**No. 95-74     James O. Bond, Judge**

---

**No. M1999-00774-CCA-R3-PC - Filed February 16, 2001**

---

On November 19, 1995, a Smith County Grand Jury indicted Steven Edward Leach, the defendant and appellant, for first-degree murder, felony murder, two counts of rape of a child, and attempted rape of a child. Pursuant to a plea agreement, the defendant pled guilty to first-degree murder and rape of a child and the trial court sentenced him to serve life without parole for the murder consecutively to twenty-five years for the rape. The defendant filed a post-conviction petition, and, following a hearing, the trial court denied the petition. On appeal, the defendant claims (1) that he was denied his right to counsel of his choice; (2) that he was denied the effective assistance of counsel; (3) that he was denied his due process right to be present at a hearing; and (4) that the cumulative effect of the trial court's errors violated his due process rights. Because the evidence does not preponderate against the findings of the trial court, we affirm its judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY SMITH, J., delivered the opinion of the court, in which L. T. LAFFERTY, J., SR. J., joined, JOE G. RILEY, J., not participating.

Frank Lannom, Lebanon, Tennessee attorney for the Appellant, Steven Edward Leach.

Paul G. Summers, Attorney General & Reporter, Lucian D. Geise, Assistant Attorney General and Tom P. Thompson, Jr., District Attorney General, Hartsville, Tennessee attorney for the Appellee, State of Tennessee.

**OPINION**

### Factual Background

On January 17, 1995, the defendant's wife was babysitting a small child. She left the defendant alone with the child, and the defendant apparently beat and raped the child; the child died later that night. Following an investigation, the defendant was charged with premeditated murder, felony murder, two counts of rape of a child, and attempted rape of a child. At the defendant's

request, the court appointed the public defender's office to represent him. Sometime after that, the defendant's wife retained a private attorney, Jane Powers, to represent the defendant. Ms. Powers subsequently moved the court to allow her to substitute for the public defender's office as lead counsel. The court denied the motion but allowed Ms. Powers to serve as co-counsel with the public defender's office. The defendant subsequently pled guilty to first-degree murder and rape of a child, and, pursuant to a plea agreement, the court sentenced him to life without parole consecutive to twenty-five years.

## Standard of Review

On post-conviction, the defendant bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). Clear and convincing evidence means that there is "no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." Hicks, 983 S.W.2d at 245 (citing Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n. 3 (Tenn.1992)). On appeal, we are bound by the trial court's findings of fact unless the record preponderates against those findings. Hicks, 983 S.W.2d at 245.

## Right to Counsel

First, the defendant complains that the trial court denied him the right to counsel of choice pursuant to the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. After requesting an appointed lawyer, the defendant's wife retained Jane Powers to represent the defendant. Ms. Powers then apparently moved the court to allow her to substitute for the Public Defender's Office as lead counsel. The trial court denied the motion, because Ms. Powers was not qualified to represent defendants in potential capital cases under Rule 13 of the Rules of the Tennessee Supreme Court. However, the court allowed Ms. Powers to serve as co-counsel with the Public Defender's Office. The defendant now claims that the trial court erred because the supreme court rule governing the qualifications of counsel applies only to appointed counsel.

We need not address the defendant's claim that the rule does not govern the qualifications of retained counsel, because the defendant was not denied his counsel of choice. Indeed, the testimony at the post-conviction hearing indicates that Ms. Powers was an active participant in the defendant's case. The defendant's motion subjected the trial court to a sort of Hobson's choice; the court could either appoint Ms. Powers, who was, in the trial court's estimation, less qualified for a capital case than the public defender, or it could deny the defendant's motion and possibly deny the defendant the benefit of his retained counsel. Displaying Solomon-like wisdom, the trial court decided that the defendant would be represented by both the Public Defender's Office and Ms. Powers. The defendant was thus not denied representation by his counsel of choice.

We also note that, even if the defendant had been denied his counsel of choice, our decision would have been the same. The appointment and relief of counsel rests within the sound discretion of the trial court. State v. Rubio, 746 S.W.2d 732, 737 (Tenn. Crim. App. 1987). cf. Tenn. Code Ann. § 40-14-205 (court "may" allow appointed counsel to withdraw upon showing of good cause). In State v. Gilmore, 823 S.W.2d 566 (Tenn. Crim. App. 1991), this Court addressed the circumstances in which a defendant is entitled to substitution of counsel:

When an accused seeks to substitute counsel, the accused has the burden of establishing to the satisfaction of the trial judge that (a) the representation being furnished by counsel is ineffective, inadequate, and falls below the range of competency expected of defense counsel in criminal prosecutions, (b) the accused and appointed counsel have become embroiled in an irreconcilable conflict, or (c) there has been a complete breakdown in communications between them.

Id. at 568-69. In this case, the defendant has not demonstrated that the trial court abused its discretion in denying the defendant's motion for substitution of counsel, because the evidence presented to the post-conviction court did not establish that the public defender's office was inadequate, that the defendant and the public defender's office had become embroiled in an irreconcilable conflict, or that there had been a complete breakdown in communications between them. Although there was testimony at the post-conviction hearing that the relationship between the defendant and the public defender's office became acrimonious at times, it did not rise to the level of requiring substitution. See State v. James Morrow, No. W1998-0583-CCA-R3-CD, 1999 WL 1529719 at *4 (Tenn. Crim App. at Jackson, Dec 29, 1999). This issue is without merit.

**Effective Assistance of Counsel**

Next, the defendant claims that he was denied the effective assistance of counsel because (1) his plea was involuntary, and (2) Ms. Powers had a conflict of interest. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). "Moreover, on appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them." Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). "The burden is on the petitioner to show that the evidence preponderated against those findings." Id.

A.

First, the petitioner claims that he was denied the effective assistance of counsel because he "was forced to either plead guilty or proceed to a trial in which his counsel of choice was not able to be lead counsel and with attorney in whom he did not trust." In other words, he argues that his guilty plea was involuntary. When an appellant seeks to set aside a guilty plea on the ground of ineffective assistance of counsel, he must demonstrate a reasonable probability that, but for counsel's deficiency, he would have insisted upon proceeding to trial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996)(citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d

-3-

203 (1985)). This the defendant has not done. Indeed, at the post-conviction hearing, Ms. Powers testified that she believed pleading guilty was in the defendant's best interest. Moreover, nothing else in the record indicates that the defendant's plea was involuntary. The record reveals that the trial court thoroughly questioned the defendant about his decision to plead guilty and that the defendant was well-aware of his right to proceed to trial and the possible consequences of either action before he pled guilty.

B.

The defendant also claims that he was denied the effective assistance of counsel because Ms. Powers, his "counsel of choice," had a conflict of interest. Specifically, the defendant claims that his wife hired Ms. Powers and that Ms. Powers held divided allegiance between the defendant and his wife. We disagree. The mere fact that counsel might have a potential conflict of interest in representing multiple clients does not authorize a presumption of ineffective assistance of counsel. Cuyler v. Sullivan, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980); Netters v. State, 957 S.W.2d 844, 847 (Tenn. Crim. App. 1997). In this case, the defendant never proved that Ms. Powers held divided allegiance. Although the testimony at the post-conviction hearing revealed that the defendant's wife hired Ms. Powers, in part, to help her understand the case, further testimony revealed that Ms. Powers actively represented the defendant's interests. Absent any other evidence, we are not willing to presume Ms. Powers had a conflict of interest.

This issue is without merit.


**Due Process**

Finally, the defendant claims that his due process rights were violated because he was denied the right to be present at the substitution hearing. The defendant has a constitutional right to be present at a proceeding "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." United States v. Gagnon, 470 U.S. 522, 526, 105 S. Ct. 1482, 1484, 84 L. Ed. 2d 486 (1985)(quoting Snyder v. Massachusetts, 291 U.S. 97, 105-06, 54 S. Ct. 330, 332, 78 L. Ed. 674 (1934)). Also, Rule 43(a) of the Tennessee Rules of Criminal Procedure explicitly gives a defendant the right to be present "at every stage of the trial including the impaneling of the jury." Tenn. R. Crim P. 43(a); see also State v. Muse, 967 S.W.2d 764, 766 (Tenn. 1998). In this case, however, the petitioner has not shown that he was absent from the hearing. At the post-conviction hearing, Ms. Powers testified that the defendant was at the hearing, but the two other attorneys who represented the defendant could not remember whether the defendant was present. The defendant testified that he was absent from the hearing. Following the post-conviction hearing, the trial court found that the defendant had not proven by clear and convincing evidence that the defendant was absent from the hearing. The evidence does not preponderate against the trial court's ruling.

This issue is without merit.

Accordingly, the judgment of the trial court is AFFIRMED.[1]

 

_____
JERRY SMITH, JUDGE

---

[1] The defendant also complains that the cumulative effect of all of the errors requires reversal. Because we have found no merit to any of his claims of error, we need not address any possible cumulative effect.