# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 18, 2001

## STATE OF TENNESSEE v. BOBBY GENE GOODSON

**Appeal from the Criminal Court for Sullivan County**
**Nos. S42,000 & S43,579     Phyllis H. Miller, Judge**

---

### No. E2001-00925-CCA-R3-CD
### July 29, 2002

---

The defendant, Bobby Gene Goodson, appeals as of right his Sullivan County Criminal Court conviction in case number S42,000 for driving on a suspended license, a Class B misdemeanor, claiming that (1) the evidence is insufficient to support his conviction, (2) he has a constitutional right to travel, and (3) the trial court erred in denying his request to dismiss his trial attorney and reappoint counsel. The defendant also appeals his remaining two convictions in S42,000 for violation of the registration law and violation of the seat belt law, both Class C misdemeanors, and his conviction in case number S43,579 for driving on a suspended license. As to the defendant's appeal of his conviction for driving on a suspended license in case number S42,000, we affirm the judgment of the trial court. With regard to the remaining convictions, the defendant's appeal is dismissed because the judgments of conviction are not in the record on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed;**
**Appeal Dismissed in Part**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Stephen M. Wallace, District Public Defender, and William A. Kennedy, Assistant Public Defender, for the appellant, Bobby Gene Goodson.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Greg Newman and Robert Montgomery, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

In case number S42,000, the defendant was originally convicted in general sessions court of driving on a suspended license, violating the registration law, and violating the seat belt law. See Tenn. Code Ann. §§ 55-50-504, 55-4-101, 55-9-603. The defendant appealed his convictions to the criminal court. During a bench trial, Trooper John Taylor of the Tennessee Highway Patrol testified

that on October 19, 1998, he appeared in general sessions court to testify against the defendant, who had been charged with driving on a suspended license. He said the defendant's case was dismissed because Trooper Taylor failed to bring a copy of the defendant's certified driving record to court. He said that he left the courthouse and drove away in his patrol car. He said that while his patrol car was stopped at an intersection, he saw the defendant driving a Ford LTD. He said that he stopped the defendant and that the defendant gave him a photocopy of a driver's license. He said that he ran a check of the defendant's license through police dispatch and that dispatch confirmed the defendant's driver's license had been suspended. He said the defendant told him that the defendant did not need a driver's license because he was traveling, not driving. He said that in addition to driving on a suspended license, the defendant was not wearing a seat belt and the defendant's license tag had expired. Trooper Taylor testified that the defendant said he did not have to wear a seat belt or register his car.

The state introduced into evidence a certified copy of the defendant's Tennessee driving record. The trial court noted that according to the record, the defendant's driver's license had been suspended on November 17, 1997, for his failure to provide proof of insurance after a previous conviction for driving on a suspended license. See Tenn. Code Ann § 50-12-115. The trial court also noted that the defendant's driving record indicated that notice of the suspension had been sent to the defendant on that date. The defendant presented no proof at trial, and the trial court reconvicted him of all three offenses. Less than two months later, a Sullivan County Criminal Court jury convicted the defendant of driving on a suspended license in case number S43,579.

After a sentencing hearing, the trial court sentenced the defendant in case number S42,000 to six months for driving on a suspended license and thirty days for violating the registration law to be served concurrently on supervised probation. The defendant was ordered to pay court costs for violating the seat belt law. In case number S43,579, the defendant also received a six-month sentence to be served on supervised probation. The sentences in both cases are to run consecutively for an effective sentence of one year on supervised probation.

As noted above, the defendant is appealing all four of his convictions. However, this court's jurisdiction extends only to the review of the final judgments of trial courts. Tenn. Code Ann. § 16-5-108(a); State v. McCary, 815 S.W.2d 220, 221 (Tenn. Crim. App. 1991). Rule 3(b), T.R.A.P., provides:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or the Court of Criminal Appeals: (1) on a plea of not guilty . . . if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence . . . .

(emphasis added). The record on appeal contains a judgment of conviction only for the defendant's driving on a suspended license in case number S42,000. Therefore, his appeal as to his other two convictions in S42,000 and his one conviction in S43,579 is dismissed because we lack jurisdiction

in these cases. We will address the issues raised on appeal only for his remaining conviction of driving on a suspended license in case number S42,000.

## I. INSUFFICIENT EVIDENCE

The defendant contends that the evidence is insufficient to support his conviction because the state presented no proof at trial that he had received notice from the Department of Safety that his driver's license had been suspended. He contends that although his driving record "purports to show that notice was sent to the defendant, . . . it does not indicate receipt." The state acknowledges that it offered no proof that the Tennessee Department of Safety had properly notified the defendant of the suspension. However, it contends that it was not required to prove notification or that the defendant had received notification. In addition, the state argues that this court should affirm the defendant's conviction because from the evidence presented at trial, a reasonable trier of fact could infer the defendant knew of the license suspension.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not reweigh the evidence but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

A defendant is guilty of driving on a suspended, revoked, or cancelled license if he drives a car on any public highway of the state at a time when the defendant's privilege to do so is cancelled, suspended, or revoked. Tenn. Code Ann. § 55-50-504. A prerequisite to convicting a defendant for driving on a suspended license is that the defendant's driver's license was legally suspended at the time of the alleged crime. See State v. Loden, 920 S.W.2d 261 (Tenn. Crim. App. 1995); see also Tenn. Code. Ann. § 55-50-504.

In support of his argument that the state was required to prove he received notice of his driver's license suspension, the defendant cites State v. Michael Ray Swan, No. M2000-00539-CCA-R3-CD, Davidson County (Tenn. Crim. App. Apr. 27, 2001). In that case, the defendant's driver's license was suspended for his failure to pay a traffic citation in another state. Subsequently, he was charged with and convicted of driving on a suspended license. This court stated that under Tenn. Code Ann. § 55-50-502(a)(9), the Department of Safety had the authority to suspend the defendant's driver's license for his failure to pay the traffic citation if the department notified him of the proposed suspension. This court reversed the defendant's conviction because the state presented no evidence at trial to show that the department had sent notice of the suspension to the defendant or that he received the notice. Michael Ray Swan, slip op. at 5.

We believe that the defendant's reliance on <u>Michael Ray Swan</u> is misplaced. In the present case, the defendant's certified driving record shows that his license was suspended under Tenn. Code Ann. § 55-12-115 for his failure to file proof of insurance upon conviction of driving on a suspended license. Thus, Tenn. Code Ann. § 55-50-502 and the state's burden of proof established by this court's analysis in <u>Michael Ray Swan</u> are inapplicable. In addition, on the day of the offense in question, the defendant had appeared in court on another charge of driving on a suspended license. Therefore, we believe the proof in the record shows that the defendant knew his driver's license had been suspended and conclude that he is not entitled to relief.

## II. RIGHT TO TRAVEL

Next, the defendant contends that he is not required to have a driver's license because he has a constitutional right to travel. The state, citing <u>State v. Booher</u>, 978 S.W.2d 953 (Tenn. Crim. App. 1997), contends that this court has already resolved this issue and determined that a state may require a motorist to have a valid driver's license. We agree with the state.

In <u>Booher</u>, this court stated,

> The ability to drive a motor vehicle on a public highway is <u>not</u> a fundamental "right." Instead, it is a revocable "privilege" that is granted upon compliance with statutory licensing procedures.
>
> State and local governments possess an inherent power, i.e. police power, to enact reasonable legislation for the health, safety, welfare, morals, or convenience of the public. Thus, our legislature, through its police power, may prescribe conditions under which the "privilege" of operating automobiles on public highways may be exercised.

<u>Id.</u> at 956 (citations omitted). The defendant claims, without any legal argument, that "the <u>Booher</u> ruling is wrong and should be set aside." However, we see no reason to reject the rationale in <u>Booher</u> and refuse to grant the defendant relief.

## III. REQUEST TO DISMISS TRIAL COUNSEL

Finally, the defendant contends that the trial court erred by refusing to dismiss his court appointed attorney and reappoint counsel. The state contends that the trial court properly denied the defendant's request to dismiss his attorney. We agree with the state.

Before trial, the defendant refused to represent himself <u>pro se</u> and asked the trial court to appoint counsel. The trial court appointed the public defender to represent the defendant. At trial, the following exchange occurred between the defendant and the trial court:

THE COURT: All right. All right, now Mr. Goodson, we're in a trial here. You keep raising your hand. Okay. Do you have some problem?

[Defendant]: Yes, I do.

THE COURT: Okay.

[Defendant]: I have several problems.

THE COURT: Okay.

[Defendant]: One of them is with Mr. Kennedy, here. He don't use the Constitution or Bill of Rights to defend me with. We've got a conflict of interest and I can't use him. He's a card carrying Communist and I can't use him because I'm not subject to these codes and [statutes]. . . .

. . . .

THE COURT: Okay. All right. Well, your motion to dismiss Mr. Kennedy is denied. You've not presented any evidence he's a card carrying Communist and I'm not sure that that would disqualify him if he were. He is a licensed attorney. . . .

After Trooper Taylor testified on direct examination, the following exchange occurred:

[Defendant]: Yeah, can I ask him some questions?

THE COURT: No, you can not. You have an attorney who is representing you.

[Defendant]: No, I don't have an attorney. I fired him. I can't use a card carrying Communist that's got a bar license.

THE COURT: Well, I'm sorry. You're represented by the only attorney I'm going to recognize in this Court.

. . . .

THE COURT: Okay. Now, let me tell you something, just one little thing, here. You keep this up and we will try this case. You will be removed from the courtroom if you keep disrupting the Court, and we

will go ahead with the trial. Do you understand this is a Court of Law? It's not a circus. It's not a tent revival. It's not anything else but a Court of Law. We will have order. You requested an appointed attorney. You got one. He has to be a licensed attorney and so that's that. Now, Mr. Kennedy, do you have any questions for the officer?

MR. KENNEDY [to the defendant]: Do you have any questions you want me to ask him?

THE COURT: Okay. If he wants to turn his back on you, Mr. Kennedy, that's fine with the Court. Do you want to go ahead and ask this officer any questions?

MR. KENNEDY: Are there any questions that you want to know? I would ask that the record reflect that I am ---- that he will not cooperate with me. So, okay. I have no questions, Your Honor.

The trial court may, upon good cause shown, permit the withdrawal of an attorney appointed to represent an indigent defendant. Tenn. Code Ann. § 40-14-205(a). A defendant seeking to substitute counsel

> has the burden of establishing to the satisfaction of the trial judge that (a) the representation being furnished by counsel is ineffective, inadequate, and falls below the range of competency expected of defense counsel in criminal prosecutions, (b) the accused and appointed counsel have become embroiled in an irreconcilable conflict, or (c) there has been a complete breakdown in communications between them.

State v. Gilmore, 823 S.W.2d 566, 568-69 (Tenn. Crim. App. 1991) (footnotes omitted). However, the "fact that the defendant chose not to cooperate with competent appointed counsel does not entitle him to the appointment of other counsel." State v. McClennon, 669 S.W.2d 705, 707 (Tenn. Crim. App. 1984). The trial court has wide discretion in matters regarding the appointment and relief of counsel, and its decision will not be set aside on appeal unless the defendant shows an abuse of discretion. State v. Rubio, 746 S.W.2d 732, 737 (Tenn. Crim. App. 1987). The issue of whether a defendant is entitled to substitute counsel comes within this discretion. Gilmore, 823 S.W.2d at 569.

Before trial, the defendant asked for and received appointed counsel. During trial, the defendant explained that he could not use his appointed attorney because his attorney was a "card carrying Communist." We believe that the record indicates the defendant would have refused to cooperate with any appointed attorney licensed to practice law in this state. We conclude that the trial court did not abuse its discretion in refusing to appoint new counsel to the defendant.

-6-

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE