State of Tennessee ex rel. Edward Donald Goss

*v.*

Henry Heer, Warden.

413 S.W.2d 688.

(*Knoxville,* September Term, 1966.)

Opinion filed March 10, 1967.

Kenneth E. Hall, Knoxville, for plaintiff in error.

George F. McCanless, Attorney General, and William H. Lassiter, Jr., Assistant Attorney General, Nashville, for the State.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The petitioner, Goss, who is presently confined in the State penitentiary at Nashville, has filed a petition for habeas corpus against the Warden in the Davidson County Criminal Court, which petition was subsequently, in accord with T.C.A. sec. 23-1840, transferred to the Criminal Court of Knox County, Tennessee, where the petitioner was originally convicted. The trial of this habeas corpus petition was heard by the same judge who presided over the trial wherein the petitioner was convicted of burglary in 1957 and also wherein this petitioner was convicted of being an habitual criminal.

The petition in substance alleged that his conviction in 1957 was invalid because (1) he was tried and convicted of burglary and in the same proceeding he was tried and convicted of being an habitual criminal and that such a trial was in violation of his constitutional rights; (2) that he was convicted under a statute which was passed by a Legislature which had failed to reapportion itself as is required by law; and (3) that the jury failed to fix his punishment.

This petition was heard by the trial judge and was summarily denied on the ground that the petition did not meet the mandatory requirements set out in the statute as it did not contain a copy of the judgments by which petitioner was being held. The trial judge wrote a memorandum in which he set forth his reasons for denying

this petition. After the denial the trial court seasonably granted the petitioner an appeal to this Court and when the matter was filed here we appointed the Honorable Kenneth E. Hall to represent the petitioner. This attorney has filed an able brief and made argument, and, after considering the matter, we now have it for disposition.

There are a number of errors assigned but there is really only one question involved in the lawsuit. The counsel takes the position (1) that the trial court erred in summarily dismissing the petition without appointing an attorney for the petitioner in the trial court and without giving the petitioner an opportunity to be heard; (2) that the trial court erred in summarily dismissing the petition without giving the petitioner an opportunity to amend said petition so as to conform with the law; (3) the trial court erred in failing to rule on petitioner's allegation that he was denied a fair trial; (4) the trial court erred in failing to rule on petitioner's allegation that the jury did not fix the punishment; and (5) error was committed in holding that the principle laid down by this Court in *Harrison v. State,* 217 Tenn. 31, 394 S.W.2d 713, was not retroactive.

The only serious question made in the argument and in the brief under these assignments is whether or not the trial court erred in holding that the principle laid down by this Court in *Harrison v. State,* supra, does not apply to convictions which have become final before the rendition of the *Harrison* opinion.

In the *Harrison* opinion we held that it was prejudicial error to allow knowledge of evidence of previous convictions enhancing the penalty of the conviction on the present crime, to be placed before the jury prior to their determination of the defendant's guilt or innocence of the

present crime. In the *Harrison* case though the purpose of the opinion was to merely lay down a rule that should be followed in the future in this type of case. The rule was followed by the same trial judge in *Beeler v. State*, 206 Tenn. 160, 332 S.W.2d 203, wherein we held that the better method and the practice as followed by the trial court in that case was essentially that as approved by *State v. Ferrone*, 96 Conn. 160, 113 A. 452. In the *Beeler* case we held that in such a trial, where a defendant was charged with burglary in three counts and with being an habitual criminal in one count that the procedure which the trial court followed of hearing the proof on the first three counts and then after the jury convicted on that count proof of a documentary nature as to previous crimes was then submitted to the jury and that body then found that defendant was an habitual criminal. This did not deny the defendant due process under T.C.A. sec. 40-2801 et seq., and the United States Constitution, Amendment Fourteen.

After the *Beeler* case, the *Harrison* case was heard in this Court in 1965, and at that time we held in the *Harrison* case the better rule to follow was the same rule as followed in the *Beeler* case, that is, the proof of prior convictions should not be submitted to the jury in the proof in chief when on trial for the crime of burglary and that the rule to be followed by trial courts in such instances in this State in the future should be the same procedure as followed in the *Beeler* case. We specifically held in the *Harrison* case that this rule, established as the rule now, was not "to serve as a basis for collateral attack on convictions upon which prisoners have either exhausted or waived the appellate process. The administration of justice and the integrity of our court system

demand, in addition to fair treatment under the law, a certain degree of finality to criminal judgments. The demands of fairness to those accused and the demands of finality to judgments must, therefore, be weighed carefully whenever we are presented with the problem of whether or not to apply a duly announced rule retroactively." Further it was held that "We merely change a point of procedure to one more acceptable in that it will guard against the possibility of prejudice entering a criminal trial because of the abuse of the judge's discretion." Such a rule was not to apply retroactively.

Due to the fact that the Federal District Courts were applying a different rule from that we applied in the *Beeler* case, that is, the District Court of the Middle District of this State held that when a prisoner thus petitioned for habeas corpus because he was tried on a charge and tried at the same time as being an habitual criminal, that this was a violation of the United States Constitution, Amendment Fourteen; while the Federal Courts in other states had held to the contrary, that is, that this was not a violation of the prisoner's rights, and the Supreme Court of the United States granted a petition for certiorari in these cases, especially cases from Texas, wherein it was held that the constitutional rights were not violated, we withheld our opinion in this case until the question had been passed upon by the Supreme Court of the United States. On January 23, 1967, the Supreme Court of the United States released an opinion in *Spencer v. State of Texas; Bell v. State of Texas;* and *Reed v. Beto, Director, Texas Department of Corrections,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, wherein that court held that to be tried as this petitioner was tried, that is, for a crime charged to have been committed and

then in the same trial being tried as an habitual criminal was not unconstitutional. We are now in a position to decide the present case and must hold in view of *Spencer v. State of Texas,* supra, that there have been no constitutional rights of this petitioner violated in the way that he was tried below. The case of *Spencer v. State of Texas,* supra, was decided in a five to four opinion; the majority opinion was delivered by Mr. Justice Harlan. Among other things in this opinion, he says:

"The common and sole constitutional claim made in these cases is that Texas' use of prior convictions in the current criminal trial of each petitioner was so egregiously unfair upon the issue of guilt or innocence as to offend the provisions of the Fourteenth Amendment that no State shall 'deprive any person of life, liberty, or property, without due process of law * * *.' We took these cases for review, 382 U.S. 1022, 1023, 1025, 86 S.Ct. 649, 15 L.Ed.2d 537, 538, 539, because the Courts of Appeals have divided on the issue. For reasons now to follow we affirm the judgments below.

\* \* \* \* \* \*

"Under Texas law the prior convictions of the defendants in the three cases before the Court today might have been admissible for any one or more of these universally accepted reasons. In all these situations, as under the recidivist statutes, the jury learns of prior crimes committed by the defendant, but the conceded possibility of prejudice is believed to be outweighed by the validity of the State's purpose in permitting introduction of the evidence. The defendants' interests are protected by limiting instructions, see *Giacone v. State* [124 Tex.Cr.R. 141, 62 S.W.2d 986] supra, and by the discretion residing with the trial

judge to limit or forbid the admission of particularly prejudicial evidence even though admissible under an accepted rule of evidence. (Citing authorities.)

"This general survey sufficiently indicates that the law of evidence, which has been chiefly developed by the States, has evolved a set of rules designed to reconcile the possibility that this type of information will have some prejudicial effect with the admitted usefulness it has as a factor to be considered by the jury for any one of a large number of valid purposes. The evidence itself is usually, and in recidivist cases almost always, of a documentary kind, and in the cases before us there is no claim that its presentation was in any way inflammatory. Compare *Marshall v. United States,* 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250. To say the United States Constitution is infringed simply because this type of evidence may be prejudicial and limiting instructions inadequate to vitiate prejudicial effects, would make inroads into this entire complex code of state criminal evidentiary law, and would threaten other large areas of trial jurisprudence. For example, all joint trials, whether of several codefendants or of one defendant charged with multiple offenses, furnish inherent opportunities for unfairness when evidence submitted as to one crime (on which there may be an acquittal) may influence the jury as to a totally different charge. (Citing authorities.) This type of prejudicial effect is acknowledged to inhere in criminal practice, but it is justified on the grounds that (1) the jury is expected to follow instructions in limiting this evidence to its proper function, and (2) the convenience of trying different crimes against the same person, and

44

connected crimes against different defendants, in the same trial is a valid governmental interest.''

Thus it is from the quotation above in this recent opinion of the Supreme Court of the United States, it is shown that the very acts done in the instant case were almost identical with those done in the cases referred to, and such acts are not unconstitutional and so on these grounds the petitioner's claims in this action must be denied.

We think the *Harrison* case, supra, is in line with the weight of authority on the question of retroactivity. It is pointed out, as heretofore said in the *Harrison* case, that nine states still follow the common law procedure of allowing prior convictions, in assessing the penalty for the present crime, to be presented to the jury at the time of the trial of the present offense. The common law rule is also followed by the Eighth Judicial Circuit of the Federal system, *Massey v. United States,* 281 F. 293. Its primary support, however, comes from two recent opinions of the Supreme Court of the United States, namely, *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, decided in 1965; and *Tehan v. Shott,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 decided in 1966. These cases and other cases of the Supreme Court of the United States, which are relied upon by the petitioner herein, have been as recently as June 20, 1966, reviewed by the Supreme Court of the United States in *Johnson v. State of New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, wherein that court clearly set forth wherein retroactivity should and should not apply. The court in the *Johnson* case, supra, said this:

''We also stress that the retroactivity or nonretroactivity of a rule is not automatically determined by

the provision of the Constitution on which the dictate is based. Each constitutional rule of criminal procedure has its own distinct functions, its own background of precedent, and its own impact on the administration of justice, and the way in which these factors combine must inevitably vary with the dictate involved. Accordingly as *Linkletter* [381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601] and *Tehan* [382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453] suggest, we must determine retroactivity 'in each case' by looking to the peculiar traits of the specific 'rule in question.' 381 U.S., at 629, 85 S.Ct. at 1737; 382 U.S., at 410, 86 S.Ct., at 461.''

Thus it is in looking at the rule and for reasons as stated in the recent opinion of *Spencer v. State of Texas,* supra, we think that retroactivity does not apply to the present case which was tried seven or eight years prior to our determination of the *Harrison* case. There was no constitutional right thus violated.

In *Johnson v. State of New Jersey,* supra, the Supreme Court of the United States reviews a number of its decisions wherein the rule had been applied and wherein it had not. We do not think it is again necessary to review these Federal cases because by reading the Johnson opinion, supra, these cases are specifically set forth and it would be mere surplusage to again discuss these cases, but we are satisfied that the purpose of the rule allowing the jury to hear evidence of prior convictions in an habitual criminal case is to guard against the possibility of prejudice entering the criminal trial; not to protect the guilty from being convicted. *Harrison v. State,* supra. This rule just as the *Griffin* rule (*Griffin v. State of California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106) is an effort to preserve

the integrity of our judicial system. We are, therefore, of the opinion that the announced rule in *Harrison*, supra, is and was to preserve the integrity of our judicial system, and to prevent a jury from becoming prejudiced, and was not to advance such a rule by retroactive application.

We think it encourages obedience to the law and adds to the value and stability of the community to permit a State in good faith to rely upon a law as contemporaneously announced; and to permit convictions to stand although the law itself is changed. We think this is especially true when the newly announced rule does not affect the determination of the guilt or innocence of the accused.

Petitioner also assigns as error the fact that the trial court summarily dismissed his petition without allowing petitioner an opportunity to amend his petition and without appointing petitioner an attorney. Petitioner also contends that the trial court erred in dismissing petition on the ground that it did not conform to the mandatory provisions of T.C.A. sec. 23-1807.

The record does not reflect that the petitioner ever communicated to the trial judge his wishes, if any, to amend his petition. We have held numerous times that a trial judge may properly refuse to issue a writ and hear evidence if on the face of the petition it shows that petitioner would not be entitled to any relief. This petition clearly shows that the trial judge properly answered all serious questions made thereby. There is no statutory mandate to make a useless gesture and appoint an attorney in a habeas corpus case where the petition is dismissed without a hearing.

■ For reasons assigned in various opinions we have held a number of times that it is proper to dismiss a petition when the petitioner fails to comply with the mandatory provisions of T.C.A. sec. 23-1807, unless he gives a satisfactory reason for not having done so. *State ex rel. Wood v. Johnson,* 216 Tenn. 531, 393 S.W.2d 135, and others.

■ It is contended, too, that the trial court erred in not ruling upon the allegation in the petition that the jury did not fix petitioner's punishment. As said in the outset hereof the trial judge, who tried the petitioner originally in 1957, was the same trial judge who heard this petition and dismissed it. By his so doing he certainly impliedly held that the jury rendered a proper verdict and fixed petitioner's sentence. Thus it being in the same court and before the same judge, the judge could take judicial knowledge of the fact that the jury rendered a correct verdict. *State ex rel. Wilkerson v. Bomar,* 213 Tenn. 499, 505, 376 S.W.2d 451.

■ It is assigned as error that the petitioner was convicted under a statute which was passed by a Legislature which had failed to reapportion itself as required by law. This question is answered in an excellent opinion by United States District Judge Frank W. Wilson in *Dawson v. Bomar,* 6 Cir., 322 F.2d 445, wherein that court held that when a Tennessee statute authorized death by electrocution for rape it would not be declared unconstitutional because of an alleged malapportionment of the Tennessee Legislature in view of the de facto doctrine and the doctrine of avoidance of chaos and confusion. We agree with this opinion and the reasoning thereof and think clearly that it applies herein.

As said in the outset we appointed counsel for the plaintiff in error who appeared before us, filed an excellent brief, and made a fine argument. We would be amiss if we did not again in this opinion thank counsel for his excellent efforts herein, as we did at the bar of the Court.

For the reasons above stated, the petition is denied and the action of the trial court is affirmed.