# TOM JIM ERVIN FLOYD, Petitioner, v. STATE OF TENNESSEE, Respondent.

## 453 S.W.2d 418.

Court of Criminal Appeals of Tennessee. Jan. 7, 1970.

Certiorari Denied by Supreme Court April 6, 1970.

Robert F. Hedgepath, Nashville, for petitioner.

David M. Pack, Atty Gen.; Robert H. Roberts, Asst. Atty. Gen., Nashville, for respondent.

## OPINION

HYDER, Judge.

Petition for relief under the Post-Conviction Procedure Act was dismissed without appointment of counsel for petitioner and without an evidentiary hearing in the trial court, and this appeal was prayed and granted. Counsel was appointed to represent petitioner in this appeal.

The one assignment of error filed with this Court contends that the trial court erred in dismissing this petition without granting an evidentiary hearing and appointing counsel to represent petitioner.

 This Court and our Supreme Court have consistently held that the trial judge is authorized to dismiss a petition for relief under this Act without granting an evidentiary hearing when the grounds for relief prayed have been previously determined by a court of competent jurisdiction after a full and fair hearing; and/or when the grounds for relief, if true, would not entitle the petitioner to the relief sought. T.C.A. §§ 40-3809, 40-3811 and 40-3812. State ex rel. Goss v. Heer, 220 Tenn. 36, 413 S.W.2d 688. A court is warranted in dismissing a habeas corpus petition without a hearing when the records and files show conclusively that the petitioner is entitled to no relief. State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165. We are of the opinion that this authorization is equally applicable in cases filed under the provisions of the Post-Conviction Procedure Act of Tennessee.

 Likewise, our Supreme Court has held that an attorney need not be appointed in a habeas corpus case where the petition is dismissed without a hearing. State ex rel. Goss v. Heer, supra. The Post-Conviction Procedure Act provides that the trial court shall not dismiss a petition because of a failure to follow the prescribed form or procedure until after the petitioner has reasonable opportunity, with the aid of counsel, to file an amended petition. T.C.A. § 40-3807. If the petition does conform to the prescribed form and procedure and the trial judge dismisses it on authorized grounds as we have outlined herein without an evidentiary hearing it is not necessary that an attorney be appointed.

 This petition, typewritten, single spaced, consisting of ten pages in all, is in proper form and petitioner

has followed all required procedures. The petition does not show that it was not prepared by the petitioner, it was filed by him and he alleges indigency. The form and content of the petition give evidence that the writer possesses legal knowledge. We do not feel that the trial judge was required to appoint counsel for the petitioner in order to amend his petition to get it in proper form, since it was already proper.

The petition attaches to it a copy of the indictment charging petitioner, then defendant, with murder in the first degree; a copy of the minutes of the court of July 11, 1967, showing the jury verdict of guilty of murder in the first degree, the fixing of punishment by them at twenty years and one day in the penitentiary, and the judgment of the trial court imposing that sentence; and a copy of the minutes of the trial court of March 27, 1968, overruling the motion for a new trial, praying and granting an appeal. The petition and the attachments show that during all of the proceedings the petitioner, then defendant, was represented by employed counsel.

The petition further states that in his appeal he was represented by court appointed counsel, that his conviction was affirmed by the Tennessee Court of Criminal Appeals and that the Tennessee Supreme Court denied certiorari.

The petition contains the following grounds for relief:

1. That there was no evidence to support the verdict of the jury.

2. That women and Negroes were systematically excluded from the petit jury.

3. That this counsel was ineffective at his trial.

4. That his confession, used against him, was void because it was not voluntarily given and his attorney was not present.

5. That he was transferred to the State prison while his petition for a rehearing was pending in the Court of Criminal Appeals.

██ ██ A writ of habeas corpus or post-conviction relief is not available to test the sufficiency of evidence at the original trial. The insufficiency of evidence and the incompetency of witnesses are not matters which are reviewable by post-conviction proceedings. 39 C.J.S. Habeas Corpus § 29(j); Fernandez v. Klinger, 9 Cir., 346 F.2d 210, cert. denied 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152.

██ Petitioner does not allege that women and Negroes were deliberately excluded from service on his petit jury, and he does not show that he is a member of the Negro race. Certainly the constitutional rights of a defendant extend only against the systematic and deliberate exclusion of members of his race solely by reason of their race and color. State ex rel. Smith v. Johnson, 220 Tenn. 49, 413 S.W.2d 694.

██ ██ It has been held generally that when counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. Davis v. Bomar, 6 Cir., 344 F.2d 84. Petitioner is not entitled to an evidentiary hearing on his allegation that his retained counsel was ineffective.

██ The appeal of the criminal case of the conviction of the petitioner contained an assignment of error attacking the voluntariness of the confession. In an

opinion dated March 2, 1968, and certiorari being denied by the Supreme Court, this Court held that the defendant's self serving declaration was brought into evidence with his consent and as part of the trial strategy of the defendant. This ground for relief in the petition has, in our opinion, been previously determined by a court of competent jurisdiction after full and fair hearing.

There is no merit to the contention that the petitioner would be entitled to an evidentiary hearing to prove that he was transferred to the State prison while his petition for rehearing was pending in the appellate court. If true this act would not offer him any relief at this time.

Petitioner fails to allege sufficient facts to establish that his conviction was void, and we feel that the trial judge was correct in dismissing the petition without an evidentiary hearing and without appointing counsel.

The judgment is affirmed.

RUSSELL and MITCHELL, JJ., concur.