IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2001

## MICHAEL W. SMITH v. JAMES DUKES, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5511      Joseph H. Walker, Judge**

_____

### No. W2001-01535-CCA-R3-PC - Filed February 1, 2002

_____

Petitioner, Michael W. Smith,  filed a "Petition for Writ of Habeas Corpus" in the Circuit Court of Lauderdale County.  He alleged that his conviction for escape in the Circuit Court of Hardeman County was invalid because of an illegal and void sentence.  Petitioner did not attach to his petition the Hardeman County judgment or any other portion of that record.  He also alleged that the sentence had been served, that he was illegally sentenced as a Range II offender because he had no prior felony convictions, and that no enhancement factors could properly be applied to a Range I sentence. The trial court summarily dismissed the petition and assessed trial court costs against Petitioner, who now appeals both the summary dismissal of his petition and the assessment of costs against him. We affirm the dismissal of the petition for writ of habeas corpus, but reverse that portion of the order taxing costs to Petitioner.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part and Reversed in Part.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Michael W. Smith, Henning, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual Background

The record on appeal is sparse.  It contains the petition, a motion to proceed in forma pauperis, and the trial court's order dismissing the petition.  Petitioner alleged that on September 25, 1998, he was sentenced to serve forty (40) months as a Range II offender for his conviction of escape, a Class E felony.  In support of his assertions that his sentence for the escape conviction is void and illegal, he alleges that the sentence was "illegally enhanced in range and length" of

sentence. He asserts that the Range II sentence is illegal because he has no prior felony convictions, and that since no enhancement factors apply to him, any sentence above the minimum in Range I is also illegal. He goes on to assert that he has served the minimum sentence required as either a "mitigating 20% or a standard 30%" offender. The petition was filed on May 23, 2001, approximately thirty-two (32) months after he was allegedly sentenced for the escape conviction.

Although not in the record on appeal, certain facts pertaining to Petitioner's case can be gleaned from two prior opinions of this court. In State v. Michael W. Smith, No. W1999-02413-CCA-R3-PC, Hardeman County (Tenn. Crim. App., Jackson, Oct. 11, 2000), Petitioner appealed the trial court's denial of his petition for post-conviction relief from the same escape conviction which pertains to the case sub judice. Apparently, at the time of his escape, Petitioner was serving sentences following convictions in the Shelby County Criminal Court for rape and aggravated burglary. Our court affirmed the trial court's denial of Petitioner's petition for post-conviction relief from the escape conviction. Twelve days later, on October 23, 2000, a panel of this court filed an opinion in the case of Michael Wade Smith v. State, No. W1999-01817-CCA-R3-PC, 2000 WL 1664262, Shelby County (Tenn. Crim. App., Jackson, Oct. 23, 2000). That case was an appeal from the denial of post-conviction relief in his Shelby County convictions for rape (two counts) and aggravated burglary (two counts). In Shelby County Criminal Court, pursuant to a negotiated plea agreement, the sentences for both rape convictions and both aggravated burglary convictions were ordered to be served concurrently with each other. However, in the appeal, our court held that the negotiated plea agreement was in violation of Tennessee Code Annotated section 40-20-111(b), "requiring that a sentence for a felony committed while on bail be served consecutively to the sentence for the initial felony charge." Id. at *1. Our court concluded that the judgments were therefore void, and remanded the cases to the Criminal Court of Shelby County to allow Petitioner to withdraw his pleas of guilty as to both of the rape and both of the aggravated burglary charges.

Nevertheless, with the record being in its current status, we are unable to conclude that the trial court erred by summarily dismissing the petition for writ of habeas corpus relief. Petitioner may or may not have prior felony convictions other than those from the Shelby County Criminal Court mentioned above. The fact that Petitioner did not include with his petition for writ of habeas corpus relief a copy of the judgment or any other documents pertaining to the escape conviction permits a summary dismissal of the petition. Tennessee Code Annotated section 29-21-107(b)(2) mandates that a copy of the judgment or other documentation pertaining to the incarceration be provided, or that a satisfactory reason be given for its absence. See State v. Heer, 413 S.W.2d 688, 693 (Tenn. 1967); State v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965). No reason was given by Petitioner for his failure to provide the documents with the petition.

Furthermore, in Tennessee, the grounds upon which habeas corpus relief will be granted are very narrow. The writ will issue "only when it appears *upon the face of the judgment or the record of the proceedings upon which the judgment* is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)) (internal quotations and citations omitted) (emphasis added). In other words, a habeas corpus petition may only be utilized to successfully contest void,

as opposed to voidable, judgments. <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." <u>Id.</u> (citations omitted). By contrast, a voidable conviction or sentence is one which is facially valid, and thus requires proof beyond the face of the record or judgment to establish its invalidity. <u>Id.</u> The burden of proof that the judgment or sentence is "void," rather than "voidable," rests with the petitioner. <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000).

Based upon the record in this appeal, we conclude that the trial court was correct in its conclusion that the petition should be dismissed summarily because it cannot be determined whether, on the face of the judgment or the record of proceedings, the convicting court was without jurisdiction or authority to impose a Range II sentence for the escape conviction. Furthermore, the record, as it exists, shows that the sentence had not been fully served at the time the petition was filed.

Regarding Petitioner's argument that the trial court erred by assessing court costs against him in this habeas corpus matter, we agree. From the record, it is apparent that Petitioner is indigent. In his motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, he declared under penalty of perjury that he was unemployed and received no income, that he had no tangible property, that he owned no stocks, bonds, or other funds "not previously listed," and that he had no savings or checking accounts. An affidavit from the Trust Fund Custodian of the West Tennessee State Penitentiary shows that the Petitioner has less than $10.00 as of March 30, 2001, in his inmate trust account. Tennessee Code Annotated section 29-21-125, pertaining to habeas corpus proceedings, states that "[t]he costs of proceeding under this chapter, except when otherwise expressly provided, shall be adjudged as the court or judge may think right, and taxed and collected as in other cases." We conclude that the trial court's order, insofar as it dismisses the petition for writ of habeas corpus, should be affirmed. Insofar as it assesses costs against Petitioner, we reverse and order that the costs in the trial court, as well as the costs on appeal, shall be taxed to the State.

### Conclusion

For the foregoing reasons, we affirm the dismissal of the petition for writ of habeas corpus relief. We reverse the trial court's order inasmuch as it taxes costs against Petitioner, and tax costs, both in the trial court and on appeal, to the State.

_____
THOMAS T. WOODALL, JUDGE