IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2006

## RONALD EUGENE GILMORE v. KENNETH LOCKE, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 89-W-80     Seth Norman, Judge**

_____

**No. M2005-01235-CCA-R3-HC - Filed March 30, 2006**

_____

The petitioner, Ronald Eugene Gilmore, appeals the trial court's dismissal of his petition for habeas corpus relief. In this appeal, he alleges that (1) his judgment of conviction for assault with intent to commit murder is void because the indictment was defective; (2) the state failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); (3) the trial court erred by failing to properly instruct the jury; and (4) the trial court erred by not appointing counsel. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Ronald Eugene Gilmore, pro se.

Paul G. Summers, Attorney General & Reporter; Blind Akrawi, Assistant Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In December of 1989, the petitioner was convicted of armed robbery, a Class B felony, and assault with intent to commit murder, a Class A felony. See Tenn. Code Ann. §§ 39-2-501, -103 (1982). The petitioner was sentenced as a Range II offender to thirty years for each offense. The terms are to be served consecutively. This court affirmed the convictions on direct appeal but modified the sentence imposed for the assault with intent to commit murder to twenty years because of the misapplication of an enhancement factor. See State v. Gilmore, 823 S.W.2d 566 (Tenn. Crim. App. 1991). Later, the petitioner filed an unsuccessful petition for post-conviction relief. This court affirmed. See Ronald Eugene Gilmore v. State, No. 01C01-9209-CR-00274 (Tenn. Crim. App., at Nashville, Mar. 18, 1993). The petitioner was also unsuccessful in a second petition for post-conviction relief. See Ronald Eugene Gilmore v. State, No. 01-C-01-9309-CR-00312 (Tenn. Crim. App., at Nashville, Feb. 24, 1994).

On March 24, 2005, the petitioner filed this petition for writ of habeas corpus, alleging that his conviction for assault with intent to commit murder was void because the indictment was defective in that it failed to define the elements of the crime. The petitioner also contended that the state failed to disclose exculpatory evidence in violation of Brady and that the court of conviction erred by failing to properly instruct the jury. In addition to these claims, the petitioner also claims in this appeal that the trial court erred during the habeas corpus proceeding by refusing to appoint counsel.

The writ of habeas corpus is guaranteed by Article 1, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15. Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for more than one hundred years. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968). Our current code provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2003).

Although the language of the statute is broad, the courts of this state have long held that a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; see also State ex rel. Wade v. Norvell, 443 S.W.2d 839, 840 (Tenn. Crim. App. 1969). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Unlike the post-conviction petition, which would afford a means of relief for constitutional violations, such as the deprivation of the effective assistance of counsel, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void judgment "is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired" whereas a voidable judgment "is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petitioner cannot attack a facially valid conviction in a habeas corpus proceeding. Potts, 833 S.W.2d at 62; State ex rel. Holbrook v. Bomar, 364 S.W.2d 887, 888 (Tenn. 1963).

The policy behind limiting habeas corpus relief to facially void convictions is "grounded on the strong presumption of validity that attaches to final judgments of courts of general jurisdiction."

State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). In Ritchie, our supreme court reiterated the limited nature of habeas corpus relief:

> In all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances. Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relititgate facts in a habeas corpus proceeding. Because a conviction is either void on its face for want of jurisdiction, or it is not, the need for an evidentiary hearing in a habeas corpus proceeding should rarely arise . . . .

Id.

Generally, defenses based upon indictment deficiencies must be presented prior to trial. Tenn. R. Crim. P. 12(b)(2), (f). A valid indictment is essential to prosecution, however, and may be subject to attack at any time if the content does not charge an offense or does not confer jurisdiction. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). The functions of the indictment are to provide notice of the charge, enable entry of a proper judgment upon conviction, and protect against double jeopardy. State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991) (citing State v. Pearce, 7 Tenn. (Peck) 65, 67 (1823); State v. Haynes, 720 S.W.2d 76, 82 (Tenn. Crim. App. 1986)).

Article I, section 14 of the Tennessee Constitution provides that "no person shall be put to answer any criminal charge but by presentment, indictment or impeachment." Tenn. Const. art. I, § 14. Article I, section 9 of the Tennessee Constitution guarantees that "in all criminal prosecutions, the accused [has] the right . . . to demand the nature and cause of the accusation against him, and have a copy thereof." Tenn. Const. art. I, § 9. Regarding the necessary content of an indictment, Tennessee Code Annotated section 40-13-202 provides as follows:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment . . . .

Tenn. Code Ann. § 40-13-202 (2003).

The relevant portion of the indictment at issue provides as follows:

That [the petitioner] . . . on the 13th day of October, 1988 . . . with force and arms . . . unlawfully, feloniously, willfully[,] deliberately, premedi[t]atedly and maliciously did make an assault upon the body of one Daniel Massey with the unlawful and

felonious intent, then and there he the said Daniel Massey unlawfully, feloniously, willfully, deliberately, premedi[t]atedly, and with malice aforethought, to kill, and upon him to commit the crime and felony of murder in the first degree . . . .

This language is identical to the statutory provision in effect at the time of the conviction. See Tenn. Code Ann. § 39-2-103 (1982). That the indictment does not contain a statutory citation does not render it defective. See generally State v. Hill, 954 S.W.2d 725 (Tenn. 1997). Because the indictment identified the victim, made reference to the date of the offense, and alleged the essential elements of the crime, it was sufficient. The petitioner was apprised of the nature of the charge against him and protected against double jeopardy. The court of conviction had sufficient information to enter a proper judgment.

The petitioner also contends that the state failed to disclose exculpatory evidence in violation of Brady. A determination of whether a Brady violation occurred in the petitioner's trial cannot be made by an examination of the face of the judgment or record. Even if the petitioner had been denied the rights identified in Brady, the constitutional violation would have produced a voidable judgment only. The writ of habeas corpus is limited to void judgments. See Archer, 851 S.W.2d at 164; see also Arthur L. Armstrong v. State, No. 01C01-9311-CR-00403, slip op. at 8 (Tenn. Crim. App., at Nashville, Dec. 8, 1994) (holding that a determination of whether the petitioner was entitled to relief based on an alleged violation of Brady would require an evidentiary hearing and, thus, habeas corpus relief was not appropriate).

The petitioner next asserts that the trial court erred by failing to properly instruct the jury. "Erroneous jury instructions meet none of the . . . requirements for habeas corpus relief. The only method of collaterally attacking the judgment because of constitutional deprivations occasioned by erroneous jury instructions is by petition for post conviction relief." Willie Edward Thornton v. Raney, No. 02C01-9302-CC-00025, slip op. at 2 (Tenn. Crim. App., at Jackson, Jan. 26, 1994).

Finally, the petitioner argues that he was entitled to appointment of counsel during the habeas corpus proceeding. In McLaney v. Bell, 59 S.W.3d 90 (2001), our supreme court ruled that it was, in fact, erroneous for the trial court to refuse to appoint counsel in a habeas corpus proceeding when the petitioner failed to include the documents necessary for summary review. Id. at 94-95. This case is distinguishable, however, because the record includes the documents necessary for adjudication of the issue. An indigent petitioner does not always qualify for the appointment of counsel in a habeas corpus proceeding. The petitioner must demonstrate some potential merit in his claims. See State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967); see also State ex rel. Goss v. Heer, 413 S.W.2d 688, 693 (Tenn. 1967) (holding that a trial court is not required to appoint an attorney in a habeas corpus proceeding where the petition is dismissed without a hearing). Here, the petitioner has failed to demonstrate any potential merit. Thus, the trial court did not err by appointing counsel.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE