IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 5, 2006

## STEVEN LAMONT ANDERSON v. GLEN TURNER, WARDEN AND STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0128     Joseph H. Walker, III, Judge**

---

**No. W2006-00866-CCA-R3-HC  - Filed May 29, 2007**

---

The petitioner, Steven L. Anderson, appeals from the summary dismissal of his pro se petition for writ of habeas corpus. On appeal, he contends: the trial court did not follow the proper procedures for processing his petition for writ of habeas corpus; the court improperly dismissed his petition; and his right against double jeopardy was violated. After careful review, we conclude that no error exists and affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Steven L. Anderson, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and James Pentecost, Jackson, Tennessee, for the appellee, State of Tennessee.

### OPINION

The petitioner has previously applied for habeas corpus relief, and a panel of this court affirmed the lower court's ruling. Steven L. Anderson v. State, No. W2004-00622-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 149 (Tenn. Crim. App. at Jackson, Feb. 18, 2005), perm. app. denied (Tenn. May 23, 2005). The petitioner then filed a second petition for writ of habeas corpus relief, which was denied. Next, he filed an amended petition, which was also denied after the trial court determined that the amendment would not change the previous court order.

The petitioner has now appealed the most recent dismissal, contending that the trial court did not follow proper procedure for the processing of his petition. The State argues that the petitioner's argument is misplaced and contends that the trial court was not required to conduct an inquiry into the allegations contained in the petition. The State relies on Tennessee Code Annotated section 29-

21-109 to support its assertion that the petitioner misunderstood the writ of habeas corpus statute, which states that a habeas corpus petition may be summarily dismissed if it fails on its face to state a cognizable claim. If, from the showing of the petitioner, he would not be entitled to any relief, his writ may be refused. See T.C.A. § 29-21-109 and §§ 29-21-111, 112, 116. Here, the trial court dismissed the petition, and the procedure provisions claimed by the defendant are not applicable.

Next, the petitioner contends that the trial court erred in failing to appoint counsel for him. However, because the petition for writ of habeas corpus did not demonstrate that the judgment was void, the trial court was not required to conduct a hearing or appoint counsel. See T.C.A. § 29-21-109; see also State ex rel. Goss v. Heer, 413 S.W.2d 688, 693 (Tenn. 1967). Based on the foregoing, the petitioner was not entitled to the appointment of counsel. The trial court's dismissal of the petition is affirmed.

The petitioner also argues that the trial court improperly denied his petition for writ of habeas corpus. The State argues that the petition was properly dismissed. The burden is on the petitioner to establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. See State ex rel Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). It is well established that the remedy of habeas corpus is limited in scope as well as relief. See Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). A panel of this court has previously stated, "If the court rendering judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The basis of the petitioner's argument is that his sentence is void because his juvenile detention credit was not reflected on the trial court judgments. However, this court has previously concluded that a dispute over jail credit is not proper for habeas review because, even if the petitioner is correct, his sentence would not be void nor would it have expired. See State v. Bobby Blackmon, M2002-00612-CCA-R3-CO, 2003 Tenn. Crim. App. LEXIS 478, at *3 (Tenn. Crim. App. at Nashville, May 30, 2003). The omission of some pretrial jail credits does not render a judgment void. The petitioner has not provided any evidence to show that his judgment was void.

Finally, the petitioner argues that he was put in jeopardy in the trial court twice. If correct, it would render the judgments void and entitle him to habeas corpus relief. He argues that the transfer hearing in juvenile court was an adjudicatory hearing and that it violated double jeopardy principles. The State contends that the petitioner did not make this objection in the trial court and that it is, therefore, waived on appeal. The State further argues that, even if double jeopardy did apply here, it is not enough to render the conviction void. We agree.

An allegation of double jeopardy does not render a conviction void, but merely voidable. Hickman v. Carlton, E2006-00860-CCA-R3-HC, 2006 Tenn. Crim. App. LEXIS 681, at *4 (Tenn. Crim. App. at Knoxville, Sept. 7, 2006). A judgment which is voidable can only be attacked by a petition for post-conviction relief and not by a writ of habeas corpus. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Therefore, this issue is without merit.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE