IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2011

**ERIC THOMAS v. CHARLES TRAUBER,
CHAIRMAN OF BOARD OF PROBATION AND PAROLE,
AND STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County
Nos. 97-08124, -08125, -08127   Chris Craft, Judge**

---

**No. W2011-01157-CCA-R3-HC  - Filed January 26, 2012**

---

The Petitioner, Eric Thomas, appeals the Shelby County Criminal Court's dismissal of his petition for habeas corpus relief from his four 1999 convictions for robbery.  He claims that he is illegally incarcerated because his sentences expired before his resentencing.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Eric Thomas, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Amy P. Weirich, District Attorney General; and Alanda Horne Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1997, the Petitioner was indicted on three counts of robbery and two counts of aggravated robbery.  Pursuant to a verbal plea agreement, the State reduced the aggravated robbery charges to robbery.  The trial court found that the agreement made no provision as to the length of the Petitioner's sentences.  The Petitioner went to trial on the first charge, was found guilty, and was sentenced to eight years and one day.  The Petitioner pled guilty to the remaining four robbery charges.  The trial court sentenced him to six years for each

conviction and ordered that the sentences run consecutively to each other and to the Petitioner's sentence on the first charge.

On direct appeal, this court reversed the trial court's imposition of consecutive sentences, concluding that the facts and circumstances did not support the trial court's finding that the Petitioner was a dangerous offender under Tennessee Code Annotated section 40-35-115(b). See State v. Eric D. Thomas, No. W1999-00337-CCA-R3-CD, Shelby County, slip op. at 4 (Tenn. Crim. App. June 26, 2001). This court remanded the matter to the trial court for resentencing, specifically "for further findings as to the [Petitioner's] eligibility for consecutive sentencing," reasoning that the trial court might find "an alternative ground for consecutive sentences." Id. at 5. The trial court resentenced the Petitioner on April 22, 2002, to six years for each conviction and again imposed consecutive sentences, for an effective sentence of thirty-two years and one day when combined with his previous sentence of eight years and one day.

On January 25, 2011, the Petitioner filed a petition for habeas corpus relief with the Criminal Court for Shelby County alleging that he was illegally incarcerated because his sentences had expired prior to his resentencing. He argued that the effect of this court's holding on direct appeal was that his sentences were to run concurrently until the resentencing hearing or the expiration of his sentences, whichever came first. The Petitioner asserted that he accumulated sufficient sentence reduction credits such that his six-year sentences expired before the resentencing hearing and that the Department of Correction did not inform the trial court that his sentences had expired. The trial court dismissed the petition without a hearing and found that the Petitioner failed to attach his judgments of conviction to the petition, that he filed the petition with the Criminal Court for Shelby County despite being incarcerated in Lake County, and that the Petitioner's complaint was not cognizable because "[a] challenge to the propriety of a release eligibility date or questions about parole or sentence credits have no bearing upon the validity of the convictions, and so cannot be treated as a Petition for Writ of Habeas Corpus."

On appeal, the Petitioner contends that the trial court erred by summarily dismissing his petition. He argues that he is illegally incarcerated because he earned sufficient "jail credits" such that his sentences expired prior to his resentencing. The State contends that the trial court properly dismissed the petition because the Petitioner failed to attach the appropriate judgments of conviction, he filed the petition in the incorrect county, and his sentences did not expire before resentencing because this court's order on direct appeal did not change the Petitioner's consecutive sentences to concurrent ones. We hold that the trial court did not err by dismissing the petition.

In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1969). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Id. at 255-56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964).

With regard to the State's procedural default arguments, the Petitioner was required to attach to his petition for habeas corpus relief a copy of the judgments of conviction leading to his restraint or provide a satisfactory reason for their absence. See T.C.A. § 29-21-107(b)(2) (2010). The statutory requirements for the contents of a petition for a writ of habeas corpus are mandatory and failure to meet those requirements warrants dismissal of the petition. See Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004); State ex rel. Goss v. Heer, 413 S.W.2d 688, 693 (Tenn. 1967).

Here, the Petitioner admits that he failed to include with his petition a copy of the judgments of conviction under which he claims he is illegally detained. While the Petitioner offered a letter from the Shelby County Clerk's office as an explanation for his failure to do so, the letter instructed him on how to obtain copies of the judgments, and he failed to follow the instructions. The Petitioner has not provided a satisfactory reason for the absence of the judgments.

Additionally, Tennessee Code Annotated section 29-21-105 states that an application for habeas corpus relief should be filed with "the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Summary dismissal is proper if a petitioner fails to follow the procedural requirements of our habeas corpus statutes. See Paul Barnett v. State, No. E1999-01583-CCA-R3-CD, Unicoi County (Tenn. Crim. App. June 20, 2000).

The Petitioner claims that he filed the January 2011 petition in Shelby County because he was housed there while awaiting charges for a parole violation. In the petition, the Petitioner lists his address as 201 Poplar Avenue in Memphis, the location of the Shelby County Jail. The record reflects that the Petitioner was incarcerated in Hardeman County before being placed on parole on April 8, 2010, and that a parole violation report was issued on December 7, 2010. The record reflects that the Petitioner was incarcerated in Lauderdale

County on March 2, 2011, and that he was incarcerated in Lake County on April 8, 2011. The Petitioner remains incarcerated in Lake County. Aside from the address listed by the Petitioner in his petition, the Petitioner has not provided evidence to establish that he was incarcerated in Shelby County or any evidence of his location at the time he filed his petition in January 2011.

In any event, the Petitioner's claim that his six-year sentence expired before resentencing after factoring in 831 days of pretrial jail credit awarded by the trial court and 470 days of sentence reduction credit awarded by the Tennessee Department of Correction (TDOC) is not cognizable in a habeas corpus petition. See Tucker v. Morrow, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009) (Because the grant or denial of sentence reduction credit "lies solely within the discretion of the warden of the institution wherein the inmate is incarcerated, claims regarding the miscalculation or misapplication of sentence reduction credits are not cognizable in a habeas corpus petition . . . ."). The record reflects that the trial court awarded the Petitioner 831 days of pretrial jail credit in case number 97-08125 and that his consecutive six-year terms accordingly began to run on February 12, 1997. The Petitioner was resentenced on April 22, 2002, less than six years after he began serving his sentences. A challenge to the application of sentence reduction credit awarded by TDOC is not cognizable in a habeas corpus petition and should be brought under the Uniform Administrative Procedures Act. See Morrow, 335 S.W.3d at 122; Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988).

Furthermore, the Petitioner's belief that his sentences were automatically rendered concurrent by this court on direct appeal, and thus subject to expiration before resentencing, is mistaken. This court found that consecutive sentencing was not warranted based upon a finding that the Petitioner was a dangerous offender and remanded the matter to the trial court "for further findings as to the [Petitioner's] eligibility for consecutive sentencing," reasoning that the trial court might find "an alternative ground for consecutive sentences." This court did not hold that the Petitioner's multiple six-year sentences were to run concurrently until the resentencing hearing. We conclude that the trial court did not err by dismissing the petition. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE